Case 3:14-cv-01836-WJN-CK   Document 10   Filed 02/06/15   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW J. TYAHLA, | : | |
| Petitioner | : | |
| v. | : | 3:14-CV-01836 |
| COMMONWEALTH OF, PENNSYLVANIA, et al., | : | (Judge Nealon) |
| Respondents | : | |

**MEMORANDUM**

Petitioner Andrew J. Tyahla, an inmate currently confined at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 6). He challenges his conviction by guilty plea and subsequent sentence imposed by the Court of Common Pleas of Carbon County, Pennsylvania. Id. For the reasons set forth below, the petition will be denied.

**I.   Background**

On January 16, 2014, Tyahla pled guilty to one (1) count of Assault by Prisoner and one (1) count of Theft by Unlawful Taking or Disposition. (Doc. 8, Ex. E). That day, Judge Steven Serfass of the Court of Common Pleas of Carbon

---

[1] Although styled as a petition under 28 U.S.C. § 2241, because Tyahla is a state prisoner, Section 2254 is the proper vehicle to seek habeas relief. Giving liberal construction to a pro se petitioner's pleadings, Dluhos v. Stasberg, 321 F.3d 365, 369 (3d Cir. 2003), his petition is construed as one arising under Section 2254.

County, Pennsylvania imposed a sentence of thirty-six (36) to seventy-two (72) months imprisonment for the crime of Assault by Prisoner.  (Id. at Ex. A).  For the crime of Theft by Unlawful taking, Judge Serfass sentenced Tyahla to term of twenty-four (24) to forty-eight (48) months imprisonment, to be served concurrently with his sentence for Assault by Prisoner.  (Id. at Ex. B).  Tyahla did not file a direct appeal of this sentence or conviction.  See, docs. 6, 8.

On July 7, 2014, Tyahla filed a pro se Post Conviction Relief Act ("PCRA") Petition alleging that his guilty plea had been unlawfully induced and that his trial counsel had been ineffective.  (Doc. 8, Ex. C).  Counsel was appointed to represent Tyahla and on September 2, 2014, counsel filed a letter with the Court explaining that the PCRA Petition was without merit.  (Id. at Ex. E).  On September 3, 2014, the PCRA Court filed a notice of intent to dismiss the PCRA Petition, and allowed Tyahla twenty (20) days to file an objection.  (Id. at Ex. F).  No objection was filed and, on September 26, 2014, the PCRA denied Tyahla's PCRA Petition.  (Id. at Ex. G).  It is undisputed that Tyahla did not appeal this decision to the Pennsylvania Superior Court.  See (Docs. 6, 8).  On September 22, 2014, Tyahla filed the instant petition for writ of habeas corpus, which was subsequently amended on November 3, 2014.  (Docs. 1, 6).

## II.  Discussion

Subject to limited exceptions, a petitioner filing for a writ of habeas corpus pursuant to Section 2254 must first exhaust all claims in state court.  28 U.S.C. § 2254(b)(1).  "In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'"  Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).  In the context of a PCRA Petition, a petitioner must appeal any denial to the Pennsylvania Superior Court before a claim is considered exhausted.  See Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

The doctrine of procedural default is a similar concept.  Where an individual has not fairly presented his or her claims in state court, but the claim is now "barred from consideration in the state courts by an 'independent and adequate' state procedural rule[,]" procedural default has occurred.  Carpenter, 296 F.3d at 146 (citing Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996).  A federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"  Coleman v. Thompson, 501 U.S. 722, 734-35 (1991) (quoting Michigan v. Long, 463 U.S.

3

1032, 1040-41 (1983)). Only a "firmly established and regularly followed state practice" will satisfy this standard. James v. Kentucky, 466 U.S. 341, 348-49 (1984).

If procedural default has occurred, a district court may consider the merits of the claim only if "the applicant establishes 'cause' to excuse the default and actual 'prejudice' as a result of the alleged violation of the federal law or [] the applicant demonstrates that failure to consider the claim will result in a 'fundamental miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). A petitioner will establish "cause" if he or she shows that "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish actual prejudice the petitioner must show that the errors at trial "worked to his actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." Id. at 494.

The "fundamental miscarriage of justice" exception applies only where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. In such a scenario, the petitioner must present new and reliable evidence, not presented at trial, demonstrating that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

4

reasonable doubt." House v. Bell, 547 U.S. 518, 537-38 (2005) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).

### A. Exhaustion and Procedural Default

Here, Tyahla filed a timely PCRA Petition, and that Petition was denied by the PCRA Court on September 26, 2014. (Doc. 8, Ex. G). Tyahla acknowledges that he did not appeal this decision to the Pennsylvania Superior Court. (Doc. 6). Thus, he failed to exhaust his state court remedies. See Lambert, 387 F.3d at 234.

Furthermore, the Pennsylvania Rules of Appellate Procedure set a thirty (30) day limit for filing an appeal from the entry of an order. Pa. R.A.P. 903(a). Here, the thirty (30) day time limit for filing an appeal from the PCRA Court's Order of dismissal began running on September 26, 2014, and expired on October 27, 2014 without Tyahla having filed an appeal. Consequently, he is barred by an independent and adequate state rule from pursuing his appeal with the Superior Court. Additionally, Tyahla may not file a second PCRA Petition raising these same issues. See Pa. R.A.P. 302(a). Consequently, an independent and adequate state rule likewise bars Tyahla from pursuing relief in state court under a second PCRA Petition. See Thomas v. Sec'y Pa. Dept. of Corr., 495 F.App'x 200, 205-06 (3d Cir. 2012).

Therefore, this Court may not consider the merits of the Tyahla's claims unless he meets one of the enunciated exceptions for a procedural default. See

Carpenter, 296 F.3d at 146; Coleman, 501 U.S. at 750.  Tyahla's sole explanation for failing to appeal the PCRA Court's determination is that he is not an attorney and has "no intellect as to law." (Doc. 6).  However, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural law." Siluk v. Beard, 395 F.App'x 817, 820 (3d Cir. 2010).  Consequently, a petitioner's "pro se status, without more, cannot constitute cause sufficient to excuse the procedural default of his [or her] federal claims in state court."  Id.

Finally, Tyahla has made no argument that a fundamental miscarriage of justice has occurred and has presented no new evidence to this Court.  See (Doc. 6).  Accordingly, he has failed to establish an exception to procedural default, and this Court may not consider his petition on the merits.

### B. Certificate of Appealability

When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, Tyahla's claims are

clearly procedurally defaulted and, as a result, a certificate of appealability will not be issued.

## IV. <u>Conclusion</u>

A review of the record reveals that Tyahla's claims are unexhausted and procedurally defaulted. As a result, the petition for a writ of habeas corpus will be denied. A separate Order will be issued.

Dated: February 6, 2015

/s/ William J. Nealon  
**United States District Judge**